46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Angel CASTRO-ROMERO, Defendant-Appellant.
 No. 93-1415.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1995.
 
 Before SEYMOUR, Chief Judge, ANDERSON, Circuit Judge, and McWILLIAMS, Senior Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 Castro-Romero pleaded guilty to counts 1 and 2 of a 3-count indictment charging three different drug violations. In a trial to the court, Castro-Romero was later tried, and acquitted, on count 3. On October 7, 1993, Castro-Romero was sentenced to 24 months imprisonment on counts 1 and 2 to be served concurrently, said sentences to be followed by six years of supervised release on count 1 and three years of supervised release on count 2.
 
 
 2
 At sentencing, counsel asked that based on Castro-Romero's physical condition there be a downward departure from the guideline range of imprisonment for 24 to 30 months. In this regard, Castro-Romero was then under care for osteomyelitis, an inflammation of the bone marrow, a matter which was discussed in the presentence report. In asking for a downward departure, counsel suggested that at least a part of any sentence ultimately imposed be "served at the residence of the defendant." In so doing, counsel relied on the provisions of Sentencing Guideline 5H1.4, which, in pertinent part, provides as follows:
 
 
 3
 Physical condition is not ordinarily relevant in determining whether a sentence should be outside the guidelines or where within the guidelines a sentence should fall. However, an extraordinary physical impairment may be a reason to impose a sentence other than imprisonment. (emphasis added).
 
 
 4
 After colloquy between court and counsel, the district court held that Guideline 5H1.4 did not apply because Castro-Romero was not suffering from "an extraordinary physical impairment" as required by the guideline. In thus concluding, the district court spoke as follows:
 
 
 5
 THE COURT: Well, Mr. Castro, with due respect to Mr. Pacheco's earnest plea in this case, I really am of the opinion that Section 5H1.4 relating to physical condition doesn't really apply in your case. It says an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range.
 
 
 6
 In other words, for example, in the case of the seriously infirm defendant, home detention may be as efficient as, and less costly, than imprisonment.
 
 
 7
 Now the problem is I can't really say that Mr. Castro is seriously infirm. He is standing here. He is able to walk and talk. He functions. He's got a serious illness. But he isn't seriously infirm. And what he's got to do is take pills, antibiotics for his illness.
 
 
 8
 On appeal, counsel raises one issue: Did the district court err in refusing to make a downward departure based on Guideline 5H1.4 from the guideline range? That guideline may well grant a district court the discretionary power to make a downward departure from a guideline range if the defendant has "an extraordinary physical impairment." However, absent a finding of extraordinary physical impairment, Guideline 5H1.4 does not come into play. In our case, the district court held that Castro-Romero did not have an extraordinary physical impairment, and the record before us certainly does not compel a contrary finding. Stated differently, the district court's finding of no "extraordinary physical impairment" is not clearly erroneous and in fact finds support in the record.
 
 
 9
 Judgment affirmed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470